## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SHIRLEY BERG,<br>    Appellant, | DOCKET NUMBER<br>SF-0831-24-0090-X-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>    Agency. | DATE:  February 20, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer D. Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Eva Ukkola, Tiffany Slade, and Alexandria R. Davis, Washington, D.C.,
    for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

On May 30, 2024, the administrative judge issued a compliance initial decision finding the Office of Personnel Management (OPM) noncompliant with the February 7, 2024 final order in the underlying matter, which reversed OPM's constructive denial of the appellant's Civil Service Retirement System (CSRS)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

survivor's annuity benefit and remanded her claim to OPM. *Berg v. Office of Personnel Management*, MSPB Docket No. SF-0831-24-0090-C-1, Compliance File, Tab 14, Compliance Initial Decision (CID); *Berg v. Office of Personnel Management*, MSPB Docket No. SF-0831-24-0090-I-1, Initial Appeal File, Tab 10, Initial Decision (ID). For the reasons discussed below, we now find OPM in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

On February 7, 2024, the administrative judge issued an initial decision finding that OPM had constructively denied the appellant a CSRS survivor's annuity to which she was entitled. The administrative judge found that the appellant's late husband had submitted a timely, valid election to change his survivor's annuity from his deceased first wife to the appellant, his second wife, but that OPM had erroneously found the election untimely based on its misreading of applicable authority. ID at 9-11. The administrative judge found that OPM subsequently ignored the appellant's multiple requests for the annuity, and indeed failed to participate in the initial appeal, indicating "either a strategy of delay and inaction or continued neglect." ID at 8. Under the circumstances, the administrative judge found that OPM had constructively denied the appellant her survivor's annuity, reversed that determination, and remanded the matter to OPM to grant the annuity and calculate the amount owed. ID at 12. The initial decision became the Board's final decision upon the expiration of the petition for review deadline. 5 C.F.R. § 1201.113.

The appellant subsequently filed a petition for enforcement, to which OPM failed to respond despite multiple orders by the administrative judge. *See* CID at 3-5. The administrative judge accordingly issued a compliance initial decision finding OPM noncompliant with the ID and granting the appellant's petition for enforcement. The administrative judge instructed OPM to come into compliance by granting the appellant's claim for a CSRS survivor's annuity, calculating the

amount thereof, and informing the appellant of its actions and the date on which it believed it had complied. CID at 5.

In the compliance initial decision, the administrative judge informed OPM that, if it decided to take the compliance actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions. CID at 5-6; 5 C.F.R. § 1201.183(a)(6)(i). He also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by July 4, 2024, the date on which the findings of noncompliance would become final unless a petition for review was filed. CID at 7; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), 1201.183(b). Neither party petitioned for review. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Berg v. Office of Personnel Management*, MSPB Docket No. SF-0831-24-0090-X-1, Compliance Referral File (CRF), Tab 1.

The Board then issued an Acknowledgement Order instructing OPM to file evidence of compliance within 15 calendar days, and advising the appellant that she should respond within 20 days of the date of OPM's submission. The order noted that if she did not do so, the Board might assume she was satisfied and dismiss the petition for enforcement. CRF, Tab 1 at 3.

On July 29, 2024, OPM filed a late response to the Acknowledgement Order. OPM asserted that it had "finalized the appellant's survivor annuity and authorized payments on May 30, 2024." CRF, Tab 2 at 4. OPM explained its annuity calculations and payments to date. *Id.* The appellant has not responded to this submission.

**ANALYSIS**

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

We find that OPM has belatedly submitted evidence of compliance that appears to satisfy its obligations to grant the appellant's survivor annuity and calculate its amount. The appellant has not responded to OPM's submission, despite the warning in the Acknowledgement Order that failure to respond might cause the Board to assume she was satisfied and dismiss her petition for enforcement. The appellant therefore has not challenged OPM's evidence that it granted and calculated her annuity.[2] Accordingly, we find OPM in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

---

[2] The appellant also has not alleged that OPM's calculations and payments were incorrect —arguments that would, in any event, be beyond the scope of this compliance proceeding. If the appellant wishes to challenge the calculations or payments, she should follow OPM's instructions regarding how to do so (or inquire of OPM if she has not received such instructions).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil

action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.